IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IVETTE CASTILLO-BARREIRO, M.D.

Plaintiff

vs

STATE INSURANCE FUND
CORPORATION OF THE
COMMONWEALTH OF PUERTO RICO;
ZOIME ALVAREZ-RUBIO, ESQ.;
CARMEN CARRASQUILLO, M.D.

Defendants

CIVIL 09-2279CCC

## OPINION AND ORDER

This is a §1983 action brought against the State Insurance Fund Corporation of the Commonwealth of Puerto Rico (SIF), Zoimé Alvarez-Rubio,[1] and Carmen Carrasquillo,[2] in which plaintiff Ivette Castillo-Barreiro alleges that her medical services contract with the SIF as an independent contractor was rescinded for "no valid reason . . . but her political affiliation to the [Popular Democratic Party or "PPD"]." Complaint (docket entry 1), ¶ 4.12. Before us is Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted, as per Fed. R. Civ. P. 12(b)(6) (**docket entry 12**), plaintiff's opposition (docket entry 17) and defendants' reply (docket entry 21). Plaintiff clarified in her opposition that her action is strictly a First Amendment political discrimination claim, not an Equal Protection or Due Process claim. Defendants argue that, plaintiff "presents conclusory allegations and contentions regarding the reasons that the Defendants had for rescinding her contract".

Defendants claim that plaintiff's allegations are not "enough to raise a right to relief above the speculative level" in accordance with the plausibility standard established in Bell

---

[1] Plaintiff alleges Zoimé Alvarez, Esq. was Administrator of the SIF when the events relevant to this action took place. Complaint (docket entry 1), ¶ 3.5.

[2] Plaintiff alleges Carmen Carrasquillo, M.D. was Acting Medical Director of the Area of Medical Services of the Central Office of the SIF when the events relevant to this action took place. Complaint (docket entry 1), ¶ 3.7.

2

Atlantic v. Twombly, 550 US 545 (2007), further elaborated upon in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  Defendants further aver that the complaint fails to satisfy the elements of a prima facie case set forth in Martínez-Vélez v. Rey-Hernández, 506 F.3d 32, 39 (1st Cir. 2006), which requires that (1) plaintiff and defendant belong to opposing political affiliations, (2) defendant have knowledge of plaintiff's affiliation, (3) a challenged employment action occurred, and (4) political affiliation was a substantial or motivating factor behind it.

While detailed factual allegations are not required, the standard set forth in Twombly "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, *supra*, at 1949.  Faced with a Motion to Dismiss, the Court must accept as true all the allegations contained in a complaint with the exception of legal conclusions.  *Id.*, at 1949. While Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, at 1950.  Thus, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*., at 1950. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Twombly, *supra*, at 570.  From the well-pleaded, non-conclusory, and factual allegations, the Court must be able to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly's plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, *supra*, at 1949. The Court is not bound to accept as true "'naked assertion[s]' devoid of 'further factual enhancement.'"  Iqbal, *supra*, at 1949 (quoting Twombly, *supra*, at 557).  A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." Twombly, *supra*, at 545.   Having carefully examined the complaint, it is determined that plaintiff has failed to bring her federal claims "across the line from conceivable to plausible." Twombly, *supra*, at 570. Plaintiff's allegations that, "the reasons offered by the SIF to rescind Castillo's contract were pretextual," and that [i]n reality, there

3

was no valid reason for rescinding Castillo's contract but her political affiliation with the PDP, which is different to the individual defendant's political party (the NPP)" and that, "the SIF's rescission of Castillo's contract was motivated exclusively by political [sic] discriminatory reasons," (allegations 4.12 and 4.13) are exactly the type of conclusory statements to which Twombly and Iqbal refer as "the defendant, unlawfully harmed me" accusation.

Stripped of these unsupported conclusions of law which are masqueraded as factual allegations, plaintiff's claim lacks facial plausibility. It provides no concrete facts that show or would allow this Court to reasonably infer that political affiliation was a substantial or motivating factor in the rescission of her contract. Even were we to accept as true that defendants Álvarez and Carrasquillo were affiliated with the NPP, that they inferred plaintiff's affiliation with the PDP from her personnel file, and that her contract was rescinded, we could only speculate as to whether plaintiff's political affiliation motivated said rescission. Plaintiff's allegations as to causal connection simply do not meet the plausibility standard set forth in Twombly, *supra*, at 570 and clarified in Iqbal, *supra*, at 1944.  Accordingly, the defendants' Motion to Dismiss **(docket entry 12)** is GRANTED and the complaint is hereby DISMISSED, with prejudice.  Judgment to be entered.

SO ORDERED.

At San Juan, Puerto Rico, on July 20, 2010.


S/CARMEN CONSUELO CEREZO
United States District Judge